**EXHIBIT 13**

Lauri F. Rasnick
Shira M. Blank
250 Park Avenue
New York, New York 10177
(212) 351-4500
lrasnick@ebglaw.com
sblank@ebglaw.com
*Attorneys for Defendants*
*EmblemHealth, Inc., Daniel Byrne,*
*Alan Weishaupt and Jonathan Frandsen*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIANA AGOSTINI,<br><br>                        Plaintiff,<br><br>- against -<br><br>EMBLEMHEALTH, INC., and ALAN WEISHAUPT, JONATHAN FRANDSEN and DANIEL BYRNE, Individually and as Employers<br><br>                        Defendant. | 16-CV-7119 (DC)<br><br>**DANIEL BYRNE'S RESPONSES TO PLAINTIFF'S FIRST SET OF CONTENTION INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 26 and 33 of the Local Civil Rules of the United States District Court for the Southern District of New York, Defendant Daniel Byrne ("Byrne"), by and through his attorneys, Epstein Becker & Green, P.C., hereby objects and responds to Plaintiff's First Set of Contention Interrogatories to Defendant Daniel Byrne ("Interrogatories").

The responses set forth herein are made without waiving the following:

1. Byrne's right to object on the grounds of competency, privilege, relevancy, materiality, or any other proper ground to the use of any information or documents that may be produced in response to these requests, for any purpose, in whole or in part, in any subsequent step or proceeding in this action or in any other action.

2. Byrne's right to object, on any and all grounds at any time, to other requests or other discovery procedures involving or relating to the subject matter of the requests responded to herein.

3. Byrne's right at any time to supplement, revise, correct, or clarify any of the responses or objections to these requests.

4. No incidental or implied admissions are intended in these responses. That Byrne has responded to all or any part of a request should not be taken as an admission that Byrne accepts or admits the existence of any fact(s) set forth or assumed by that request or that Byrne's response constitutes admissible evidence.

5. Byrne's response to all or any part of a request is not intended to be, and shall not be, a waiver by Byrne of all or any part of its objection(s) to that request.

## BYRNE'S RESPONSES TO INTERROGATORIES

### Interrogatory No. 1

State and explain in detail Defendant's contention as to each reason or basis for the termination of plaintiff's employment with Defendant.

### Response to Interrogatory No. 1

Byrne objects to this interrogatory on the ground that Plaintiff has far exceeded the 25 interrogatories allotted by Fed. R. Civ. P. 33. Byrne also objects to this interrogatory on the ground that it runs afoul of Fed. R. Civ. P. 26(b)(2)(C) in that it is unreasonably cumulative and duplicative of questions that were or could have been asked of Daniel Byrne at his deposition on August 11, 2017, or other depositions.. As Plaintiff is well aware, Mr. Byrne was designated by Defendants as the 30(b)(6) witness "who can testify regarding the facts and circumstances underlying the termination of Plaintiff's employment pursuant to a bump which led to the termination of her employment." See Defendants' Response to Plaintiff's 30(b)(6) Notice. Plaintiff's counsel deposed both Mr. Byrne and Ms. Adams-Cunningham for well over the seven hours allotted by the Fed. R. Civ. P. Moreover, Plaintiff is set to depose Anthony Walters, another member of the Union who, like Ms. Adams-Cunningham, approved of Plaintiff's bumping out of her position, seemingly to obtain the same duplicative information. In light of the fact that Plaintiff could have, and *did*, obtain responses to this interrogatory by taking the depositions of EmblemHealth employees, this interrogatory also runs afoul of Local Rule 33(b).

Notwithstanding, and without waiving these objections, Byrne states that Plaintiff's employment with the Company terminated because she was bumped out of her position by a fellow union member and she declined to exercise a bump into another position, including the housekeeping position that was offered to her.

### Interrogatory No. 2

State and explain in detail Defendant's contention(s) as to why the following individuals were not selected as employees that were subject to "bumping" before plaintiff under the Collective Bargaining Agreement in effect during the period January 1, 2012 to December 31, 2014 with Local 153 of the AFL-CIO ("CBA"), in connection with the layoff that occurred at EmblemHealth in or about the summer of 2014 ("Layoff"):

    A. Diane Jenkins

    B. Kelly L. Brown

    C. Jessica Abreu

    D. Vanessa Bodrick-Davis

    E. Diane Li

    F. Derrick Huang

    G. Maryse Milard

    H. Sharon Green

    I. Omar A. Coward

    J. Phillip M. Cacho

### Response to Interrogatory No. 2

Byrne objects to this interrogatory on the ground that Plaintiff has far exceeded the 25 interrogatories allotted by Fed. R. Civ. P. 33. Byrne also objects to this interrogatory on the ground that it runs afoul of Fed. R. Civ. P. 26(b)(2)(C) in that it is unreasonably cumulative and duplicative of questions that were or could have been asked of Daniel Byrne at his deposition on August 11, 2017, or at other depositions. Plaintiff's counsel deposed both Mr. Byrne and Ms. Adams-Cunningham for well over the seven hours allotted by the Fed. R. Civ. P. Moreover, Plaintiff is set to depose Anthony Walters, another member of the Union who, was also involved in the bumping process. In light of the fact that Plaintiff could have, and in many instances, *did* obtain responses to this interrogatory by taking the depositions of EmblemHealth employees, this interrogatory also runs afoul of Local Rule 33(b). Byrne further objects to this interrogatory on the grounds that it is argumentative, it mischaracterizes testimony, facts and documents, it is

vague, ambiguous, nonsensical, and it seeks privileged information about non-parties as well as information that is not relevant to any claim or defense in this action.

Notwithstanding, and without waiving these objections, Byrne states that the bumping that occurred in connection with the 2014 Layoff was done consistent with the collective bargaining agreement between EmblemHealth and the Union ("CBA"), as interpreted and understood by EmblemHealth and the Union and that the designated individuals were not bumped in connection with the 2014 Layoff pursuant to such procedures.

**Interrogatory No. 3**

State and explain in detail Defendant's contention(s) as to why plaintiff was "bumped" as that term is used under CBA in connection with the Layoff.

**Response to Interrogatory No. 3**

Byrne objects to this interrogatory on the ground that Plaintiff has far exceeded the 25 interrogatories allotted by Fed. R. Civ. P. 33. Byrne also objects to this interrogatory on the ground that it runs afoul of Fed. R. Civ. P. 26(b)(2)(C) in that it is unreasonably cumulative and duplicative of questions that were or could have been asked of Daniel Byrne at his deposition on August 11, 2017, or other depositions. As Plaintiff is well aware, Mr. Byrne was designated by Defendants as the 30(b)(6) witness "who can testify regarding the facts and circumstances underlying the termination of Plaintiff's employment pursuant to a bump which led to the termination of her employment." See Defendants' Response to Plaintiff's 30(b)(6) Notice. Plaintiff's counsel deposed both Mr. Byrne and Ms. Adams-Cunningham for well over the seven hours allotted by the Fed. R. Civ. P. Moreover, Plaintiff is set to depose Anthony Walters, another member of the Union who, was involved in the bumping process. In light of the fact that Plaintiff could have, and *did*, obtain responses to this interrogatory by taking the depositions of EmblemHealth employees, this interrogatory also runs afoul of Local Rule 33(b).

Notwithstanding, and without waiving these objections, Plaintiff was bumped out of her position by a fellow union member who exercised his bumping rights pursuant to the terms of the CBA.

**Interrogatory No. 4**

State and explain in detail Defendant's contention(s) as to why plaintiff was "bumped" as that term is used under CBA in connection with the Layoff, when Steven DeLauro, the employee identified by Defendant as having the right to bump into plaintiff's position, accepted severance in lieu of exercising any such bumping rights.

**Response to Interrogatory No. 4**

Byrne objects to this interrogatory on the ground that Plaintiff has far exceeded the 25 interrogatories allotted by Fed. R. Civ. P. 33. Byrne further objects to this interrogatory on the grounds that it is argumentative, and it mischaracterizes Defendants' "contention," witness testimony, facts and documents.

Notwithstanding, and without waiving these objections, the purported contention is wrong. Plaintiff was bumped out of her position by a fellow union member who exercised his bumping rights pursuant to the terms of the CBA. Steven DeLauro initially bumped into a position and thereafter decided to be laid off and accept severance.

**Interrogatory No. 5**

State and explain in detail Defendant's contention(s) as to why plaintiff was not recalled under the CBA after Miriam Makar's employment at EmblemHealth ended after she bumped into the position that had been held by Matthew Vega.

**Response to Interrogatory No. 5**

Byrne objects to this interrogatory on the ground that Plaintiff has far exceeded the 25 interrogatories allotted by Fed. R. Civ. P. 33. Byrne also objects to this interrogatory on the ground that it runs afoul of Fed. R. Civ. P. 26(b)(2)(C) in that it is unreasonably cumulative and duplicative of questions that were or could have been asked of Daniel Byrne at his deposition on August 11, 2017, or other depositions. Plaintiff's counsel deposed both Mr. Byrne and Ms. Adams-Cunningham for well over the seven hours allotted by the Fed. R. Civ. P. Moreover, Plaintiff is set to depose Anthony Walters, another member of the Union who was involved in the bumping process. In light of the fact that Plaintiff could have, and *did*, obtain responses to this interrogatory by taking the depositions of EmblemHealth employees, this interrogatory also runs afoul of Local Rule 33(b). Byrne further objects to this interrogatory on the grounds that it is argumentative, and it mischaracterizes testimony, facts and documents.

Notwithstanding, and without waiving these objections, Plaintiff was not recalled to the position that Miriam Makar bumped into after Makar's position with EmblemHealth terminated because, inter alia, that position was not filled and there was no recall related to it.

**Interrogatory No. 6**

State and explain in detail Defendant's contention(s) as to why plaintiff was not recalled under the recall provisions of the CBA, after Fritzon Caesar elected not to bump into the position as housekeeper in connection with the Layoff.

**Response to Interrogatory No. 6**

Byrne objects to this interrogatory on the ground that Plaintiff has far exceeded the 25 interrogatories allotted by Fed. R. Civ. P. 33. Byrne further objects to this interrogatory on the grounds that it is argumentative, and it mischaracterizes Defendants' "contention," witness testimony, facts and documents, it is vague, ambiguous, and nonsensical, and it seeks privileged information about non-parties as well as information that is not relevant to any claim or defense in this action.

Notwithstanding, and without waiving these objections, while the purported contention is confusing and nonsensical, Byrne states that Plaintiff declined to accept the housekeeping position that was originally offered to her at the time of her bumping.

### Interrogatory No. 7

State and explain in detail Defendant's contention(s) as to the basis upon which Defendant could eliminate any employee from consideration from being subject to bumping under CBA in connection with the Layoff, based on their job functions, title and/or duties.

### Response to Interrogatory No. 7

Byrne objects to this interrogatory on the ground that Plaintiff has far exceeded the 25 interrogatories allotted by Fed. R. Civ. P. 33. Byrne further objects to this interrogatory on the grounds that it is argumentative, ambiguous and vague and it mischaracterizes Defendants' "contention," witness testimony, facts and documents.

### Interrogatory No. 8

State and explain in detail Defendant's contention(s) as to why Arnette Reeves-Watford was not notified until September 12, 2014 that she was being laid off in connection with the Layoff.

### Response to Interrogatory No. 8

Byrne objects to this interrogatory on the ground that Plaintiff has far exceeded the 25 interrogatories allotted by Fed. R. Civ. P. 33. Byrne further objects to this interrogatory on the grounds that it is argumentative, and it mischaracterizes Defendants' "contention," witness testimony, facts and documents, it is vague, ambiguous, and nonsensical and it seeks information that is not relevant to any claim or defense in this action.

Notwithstanding, and without waiving these objections, the purported contention is wrong. Reeves-Watford was not going to be laid off; rather she was going to be bumped.

### Interrogatory No. 9

State and explain in detail the basis for Defendant's contention that "The Complaint is barred, in whole or in part, by the applicable periods of statutes of limitations" as alleged in the Second Defense of Defendant's Answer.

### Response to Interrogatory No. 9

Byrne objects to this interrogatory on the ground that Plaintiff has far exceeded the 25 interrogatories allotted by Fed. R. Civ. P. 33. Byrne further objects to this interrogatory on the grounds that it is argumentative, vague, and ambiguous, it does not describe with "reasonable particularity" what information is sought and it calls for legal conclusions and arguments. It is

completely unclear what information Plaintiff is seeking to show that her allegations are time-barred.

Notwithstanding the foregoing, Byrne states that he does not have sufficient knowledge to respond to the interrogatory and refers to the Response to the Contention Interrogatories submitted by EmblemHealth.

**Interrogatory No. 10**

State and explain in detail the basis for Defendant's contention that "All actions taken by the Defendants with respect to Plaintiff were nondiscriminatory, based on reasonable, legitimate business factors, and were undertaken in good faith" as alleged in the Third Defense of Defendant's Answer.

**Response to Interrogatory No. 10**

Byrne objects to this interrogatory on the ground that Plaintiff has far exceeded the 25 interrogatories allotted by Fed. R. Civ. P. 33. Byrne also objects to this interrogatory on the ground that it runs afoul of Fed. R. Civ. P. 26(b)(2)(C) in that it is unreasonably cumulative and duplicative of questions that were or could have been asked of Daniel Byrne at his deposition on August 11, 2017. As Plaintiff is well aware, Mr. Byrne was designated by Defendants as the 30(b)(6) witness "who can testify regarding the facts and circumstances underlying the termination of Plaintiff's employment pursuant to a bump which led to the termination of her employment." See Defendants' Response to Plaintiff's 30(b)(6) Notice. Plaintiff's counsel deposed Mr. Byrne for well over the seven hours allotted by the Fed. R. Civ. P. In light of the fact that Plaintiff could have, and *did*, obtain responses to this interrogatory by taking the depositions of EmblemHealth employees, this interrogatory also runs afoul of Local Rule 33(b). Byrne further objects to this interrogatory on the grounds that it is argumentative, vague, and ambiguous, it does not describe with "reasonable particularity" what information is sought, it calls for legal conclusions and arguments, seeks information protected by the attorney client and work product privileges and is invasive of the Defendant's litigation and trial strategy.

Notwithstanding the foregoing, Byrne states that he does not have sufficient knowledge to respond to the interrogatory and refers to the Response to the Contention Interrogatories submitted by EmblemHealth.

**Interrogatory No. 11**

State and explain in detail the basis for Defendant's contention that "All actions taken by the Defendants with respect to Plaintiff were ...undertaken in compliance with all applicable laws, rules and regulations, including without limitation the Americans with Disabilities Act ("ADA" and the Family and Medical Leave Act ("FMLA") and the New York City Human Rights Law, N.Y.C. Adm. Code §8-107 et seq. ("NYCHRL"), and all other applicable laws" as alleged in the Third Defense of Defendant's Answer.

**Response to Interrogatory No. 11**

Byrne objects to this interrogatory on the ground that Plaintiff has far exceeded the 25 interrogatories allotted by Fed. R. Civ. P. 33. Byrne also objects to this interrogatory on the ground that it runs afoul of Fed. R. Civ. P. 26(b)(2)(C) in that it is unreasonably cumulative and duplicative of questions that were or could have been asked of Daniel Byrne at his deposition on August 11, 2017. As Plaintiff is well aware, Mr. Byrne was designated by Defendants as the 30(b)(6) witness "who can testify regarding the facts and circumstances underlying the termination of Plaintiff's employment pursuant to a bump which led to the termination of her employment." See Defendants' Response to Plaintiff's 30(b)(6) Notice. Plaintiff's counsel deposed Mr. Byrne for well over the seven hours allotted by the Fed. R. Civ. P. In light of the fact that Plaintiff could have, and *did*, obtain responses to this interrogatory by taking the depositions of EmblemHealth employees, this interrogatory also runs afoul of Local Rule 33(b). Byrne further objects to this interrogatory on the grounds that it is argumentative, vague, and ambiguous, it does not describe with "reasonable particularity" what information is sought, it calls for legal conclusions and arguments, seeks information protected by the attorney client and work product privileges and is invasive of the Defendant's litigation and trial strategy.

Notwithstanding the foregoing, Byrne states that he does not have sufficient knowledge to respond to the interrogatory and refers to the Response to the Contention Interrogatories submitted by EmblemHealth.

### Interrogatory No. 12

State and explain in detail the basis for Defendant's contention that "Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to mitigate damages, if any exist, as required under the law" as alleged in the Fourth Defense of Defendant's Answer.

### Response to Interrogatory No. 12

Byrne objects to this interrogatory on the ground that Plaintiff has far exceeded the 25 interrogatories allotted by Fed. R. Civ. P. 33. Byrne further objects to this interrogatory on the grounds that it is argumentative, vague, and ambiguous, it does not describe with "reasonable particularity" what information is sought, it calls for legal conclusions and arguments, seeks information protected by the attorney client and work product privileges and is invasive of the Defendant's litigation and trial strategy. It is completely unclear what information Plaintiff seeks from Defendants regarding her failure to mitigate her damages.

Notwithstanding the foregoing, Byrne states that he does not have sufficient knowledge to respond to the interrogatory and refers to the Response to the Contention Interrogatories submitted by EmblemHealth.

### Interrogatory No. 13

State and explain in detail the basis for Defendant's contention that "Plaintiffs claims and damages demands are barred by her own conduct, including that she did not bump into a different position" as alleged in the Fifth Defense of Defendant's Answer.

**Response to Interrogatory No. 13**

Byrne objects to this interrogatory on the ground that Plaintiff has far exceeded the 25 interrogatories allotted by Fed. R. Civ. P. 33. Byrne further objects to this interrogatory on the grounds that it is argumentative, vague, and ambiguous, it does not describe with "reasonable particularity" what information is sought, it calls for legal conclusions and arguments, seeks information protected by the attorney client and work product privileges and is invasive of the Defendant's litigation and trial strategy. It is completely unclear what information Plaintiff is seeking in response to this interrogatory, particularly in light of the fact that she admitted at her deposition that she declined to bump into the housekeeping position that was offered to her.

Notwithstanding the foregoing, Byrne states that he does not have sufficient knowledge to respond to the interrogatory and refers to the Response to the Contention Interrogatories submitted by EmblemHealth.

**Interrogatory No. 14**

State and explain in detail the basis for Defendant's contention that "Emblem did not encourage, condone or ratify any of the alleged discriminatory or retaliatory conduct alleged by plaintiff" as alleged in the Sixth Defense of Defendant's Answer.

**Response to Interrogatory No. 14**

Byrne objects to this interrogatory on the ground that Plaintiff has far exceeded the 25 interrogatories allotted by Fed. R. Civ. P. 33. Byrne also objects to this interrogatory on the ground that it runs afoul of Fed. R. Civ. P. 26(b)(2)(C) in that it is unreasonably cumulative and duplicative of questions that were or could have been asked of Daniel Byrne at his deposition on August 11, 2017. As Plaintiff is well aware, Mr. Byrne was designated by Defendants as the 30(b)(6) witness "who can testify regarding the facts and circumstances underlying the termination of Plaintiff's employment pursuant to a bump which led to the termination of her employment." See Defendants' Response to Plaintiff's 30(b)(6) Notice. Plaintiff's counsel deposed Mr. Byrne for well over the seven hours allotted by the Fed. R. Civ. P. In light of the fact that Plaintiff could have, and *did*, obtain responses to this interrogatory by taking the depositions of EmblemHealth employees, this interrogatory also runs afoul of Local Rule 33(b). Byrne further objects to this interrogatory on the grounds that it is argumentative, vague, and ambiguous, it does not describe with "reasonable particularity" what information is sought, it calls for legal conclusions and arguments, seeks information protected by the attorney client and work product privileges and is invasive of the Defendant's litigation and trial strategy.

Notwithstanding the foregoing, Byrne states that he does not have sufficient knowledge to respond to the interrogatory and refers to the Response to the Contention Interrogatories submitted by EmblemHealth.

**Interrogatory No. 15**

State and explain in detail the basis for Defendant's contention that "Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, unclean hands, estoppel, laches, and/or after acquired evidence" as alleged in the Eighth Defense of Defendant's Answer.

**Response to Interrogatory No. 15**

Byrne objects to this interrogatory on the ground that Plaintiff has far exceeded the 25 interrogatories allotted by Fed. R. Civ. P. 33. Byrne further objects to this interrogatory on the grounds that it is argumentative, vague, and ambiguous, it does not describe with "reasonable particularity" what information is sought, it calls for legal conclusions and arguments, seeks information protected by the attorney client and work product privileges and is invasive of the Defendant's litigation and trial strategy. It is completely unclear what information Plaintiff is seeking to show that her allegations are barred.

**Interrogatory No. 16**

State and explain in detail the basis for Defendant's contention that "Any emotional distress, pain and suffering, mental anguish, physical ailments, embarrassment and/or humiliation suffered or claimed to have been suffered by Plaintiff was not reasonable or justified under the circumstances" as alleged in the Ninth Defense of Defendant's Answer.

**Response to Interrogatory No. 16**

Byrne objects to this interrogatory on the ground that Plaintiff has far exceeded the 25 interrogatories allotted by Fed. R. Civ. P. 33. Byrne further objects to this interrogatory on the grounds that it is argumentative, vague, and ambiguous, it does not describe with "reasonable particularity" what information is sought, it calls for legal conclusions and arguments, seeks information protected by the attorney client and work product privileges and is invasive of the Defendant's litigation and trial strategy.

Notwithstanding the foregoing, Byrne states that he does not have sufficient knowledge to respond to the interrogatory and refers to the Response to the Contention Interrogatories submitted by EmblemHealth.

**Interrogatory No. 17**

State and explain in detail the basis for Defendant's contention that "Plaintiff's claims are barred, in whole or in part, due to her failure to exhaust applicable administrative remedies" as alleged in the Eleventh Defense of Defendant's Answer.

**Response to Interrogatory No. 17**

Byrne objects to this interrogatory on the ground that Plaintiff has far exceeded the 25 interrogatories allotted by Fed. R. Civ. P. 33. Byrne further objects to this interrogatory on the grounds that it is argumentative, vague, and ambiguous, it does not describe with "reasonable particularity" what information is sought, it calls for legal conclusions and arguments, seeks

information protected by the attorney client and work product privileges and is invasive of the Defendant's litigation and trial strategy. As previously stated in response to this same request seeking a 30(b)(6) witness to testify about this affirmative defense, it is completely unclear what information Plaintiff is seeking to show that her allegations are barred.

Notwithstanding, and without waiving these objections, Byrne states that he does not have sufficient knowledge to respond to the interrogatory and refers to the Response to the Contention Interrogatories submitted by EmblemHealth.

**Interrogatory No. 18**

State and explain in detail each reasonable accommodation that Defendant contends was accorded plaintiff in 2014 for any disability she claimed to have had.

**Response to Interrogatory No. 18**

Byrne objects to this interrogatory on the ground that Plaintiff has far exceeded the 25 interrogatories allotted by Fed. R. Civ. P. 33. Byrne further objects to this interrogatory on the grounds that it is nonsensical, argumentative, vague, and ambiguous, it does not describe with "reasonable particularity" what information is sought, and it calls for legal conclusions and arguments. Plaintiff has "claimed" to have had many different disabilities throughout the course of this lawsuit, some of which differ from those claimed in the Complaint.

New York, New York  
October 12, 2017

EPSTEIN BECKER & GREEN, P.C.

Lauri F. Rasnick  
Shira M. Blank  
250 Park Avenue  
New York, New York 10177-1211  
(212) 351-4500  
(212) 878-8600(fax)  
lrasnick@ebglaw.com  
sblank@ebglaw.com  
*Attorneys for Defendants*

To: Mark Bierman  
Bierman & Associates  
17 Battery Place, Suite 204  
New York, New York 10004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ x
ADRIANA AGOSTINI,

                     Plaintiff,                Case No.: 16 Civ. 07119

      - against -

EMBLEMHEALTH, INC. and ALAN WEISHAUPT,
JONATHAN FRANDSEN and DANIEL BYRNE,
Individually and As Employers,

                   Defendants.
------------------------------------------ x

## VERIFICATION OF DANIEL BYRNE

I, Daniel Byrne, am the Vice President, Labor Relations for EmblemHealth, Inc. I have read and reviewed the foregoing Daniel Byrne's Responses to Plaintiff's First Set of Contention Interrogatories and certify that the information contained in response therein is true to my knowledge, information and belief. This verification does not extend to the foregoing objections, which are made by counsel for Defendants.

Defendant Byrne reserves the right to make any changes in the aforesaid Answers and Objections if it should appear at any time that omissions or errors have been made or that additional or more accurate information has been obtained.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October ___11___, 2017

                                                  Daniel Byrne
                                                  Vice President, Labor Relations
                                                  EmblemHealth, Inc.